IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GARY LANGFIELD, # R-70280,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-362-JPG |
| ) | |
| **TIMOTHY R. VEATH,** ) | |
| **DAVID T. JOHNSON, LORI OAKLEY,** ) | |
| **MICHAEL P. ATCHISON,** ) | |
| **and S.A. GODINEZ,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Western Illinois Correctional Center ("Western"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  His claims arose from his incarceration in Menard Correctional Center ("Menard").  Plaintiff is serving a seven year sentence for possession/use of a firearm by a felon.  Plaintiff claims that he was denied his due process rights in a disciplinary hearing, after which he was punished with three months in segregation.  This disciplinary action was ultimately expunged after Plaintiff filed grievances over the improper conduct of the hearing.

More specifically, the complaint alleges that the disciplinary report was issued while Plaintiff was confined at Hill Correctional Center ("Hill") (Doc. 1, pp. 4, 12).  According to the report, Plaintiff shouted threatening comments in an attempt to instigate violence against prison staff (Doc. 1, pp. 12, 15).  Plaintiff denied this conduct, and challenged the reporting guard's ability to visually identify him as the shouter, based on the guard's distance from his cell and vantage point.  After this incident, Plaintiff was quickly transferred from Hill to Menard on May

23, 2012.  Before leaving Hill, Plaintiff had requested witnesses for his eventual disciplinary hearing.  He also asked for staff assistance to prepare his defense, following his arrival at Menard (Doc. 1, pp. 4-5).

Defendants Veath and Johnson conducted Plaintiff's disciplinary hearing, on May 31, 2012.  Plaintiff submitted a written statement (Doc. 1, pp. 13-14), and requested a continuance so he could obtain video footage and witness statements that would support his innocence of the charges (Doc. 1, p. 4).  Defendant Veath refused to read the statement and told Plaintiff he would throw it away (Doc. 1, p. 5).  He denied the continuance, and Plaintiff was found guilty without the opportunity to present any witness statements or the exonerating video evidence.  The written summary of the proceeding falsely stated that Plaintiff did not request witnesses (Doc. 1, pp. 6, 15).  His punishment consisted of three months in disciplinary segregation, revocation of three months of good conduct credit, three months commissary restriction, and three months demotion to C grade.  Defendant Atchison (Menard Chief Administrative Officer) approved this action.

Plaintiff filed grievances challenging his discipline, but they were denied by Defendant Oakley (grievance officer) and Defendant Atchison (Doc. 1, pp. 7-8).  He then appealed to the Administrative Review Board, which ultimately expunged the disciplinary action based on "a compliance check of the procedural due process safeguards" and "exonerating evidence" (Doc. 1, p. 28).  However, by the time this action was taken on February 11, 2013,[1] Plaintiff had served the entire three months in segregation.  In addition, Plaintiff's January 14, 2013, request for work release had been denied based on the disciplinary report (Doc. 1, p. 8).

Plaintiff seeks damages to compensate him for his lost state pay during the three months he spent in segregation, as well as punitive damages for the time he spent in segregation

---

[1] Plaintiff asserts he did not receive notice of this action until approximately March 11, 2013 (Doc. 1, p. 8).

following the violation of his due process rights (Doc. 1, p. 10).[2]

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Veath and Johnson for deprivation of a liberty interest without due process, for his confinement in segregation **(Count 1)**. Because Plaintiff's "conviction" for the disciplinary infraction was expunged, the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), does not present a bar to seeking damages in a civil rights action. *See Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (the ruling in a prison disciplinary proceeding is a conviction for the purposes of *Heck* analysis). Plaintiff claims that Defendants Veath and Johnson failed to comply with the due process directives outlined in *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974) in the conduct of his hearing. This alleged denial of due process, coupled with the length of Plaintiff's disciplinary segregation, indicates that a factual inquiry into the conditions of his segregation may be required. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). Further consideration of this claim is appropriate, in order to determine whether any constitutional violation occurred.

However, Plaintiff fails to state a due process claim for the denial of his application for work release **(Count 2)**. Contrary to Plaintiff's assertion that he has a "state created liberty interest to work release" (Doc. 1, p. 10), the Seventh Circuit has made it clear that Illinois prisoners have no constitutional right to be granted work release:

---

[2] Plaintiff does not request any damages in connection with the commissary restriction or C-grade demotion, nor would he be entitled to compensation for the unjust imposition of this punishment. An inmate does not have a protected liberty interest in his "grade" status or commissary privileges, thus the deprivation of these privileges without due process states no claim. *Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (collecting cases).

> [P]risoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system. Community correctional centers [where prisoners granted work release are housed] are low security institutions but still prisons, and inmates have no more claim to be sent there than they have to avoid commitment to maximum-security penitentiaries.

*DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992). The Illinois regulations governing work release do not limit prison officials' discretion in awarding that privilege, and they therefore do not create a liberty or property interest protected by the due process clause. *Id.* at 212-13 (construing 730 ILL. COMP. STAT. 5/3-12-1, 5/3-13-2, and ILL. ADMIN. CODE tit. 20, § 455.30). "[A]ny effort to find a liberty or property interest in the prospect of work release is frivolous." *DeTomaso*, 970 F.2d at 213. Prison officials, therefore, could have denied Plaintiff's request for work release for no reason, or for any reason at all, even if their rationale was based on a disciplinary record that was later expunged. Because Plaintiff had no protected right to be granted work release, the denial of this privilege does not give rise to any due process claim. Count 2 shall be dismissed with prejudice.

**Defendants Oakley, Atchison, and Godinez**

Plaintiff's allegations do not support any claim against Defendants Oakley, Atchison, or Godinez in connection with the alleged imposition of discipline without due process. First, Defendant Atchison merely approved the finding of guilt and disciplinary action recommended by Defendants Veath and Johnson; Defendant Atchison was not personally involved in the conduct of the disciplinary hearing. As such, Plaintiff is arguing that Defendant Atchison should be held liable merely because he is the "highest ranking official" at Menard (Doc. 1, p. 3). This position of authority alone cannot be the basis for liability in a civil rights action, where the doctrine of *respondeat superior* does not apply. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). In order to be held individually liable, a defendant must be

'personally responsible for the deprivation of a constitutional right.'" *Id.* (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Because Defendant Atchison's only involvement in the imposition of discipline was to give it his administrative approval, no liability attaches to him.

Likewise, a defendant's role in responding to prisoner grievances does not constitute "personal involvement" in the constitutional deprivation that gave rise to the grievance. As with Defendant Atchison, the instant complaint does not indicate that Defendant Oakley took any part in the hearing conducted by Defendants Veath and Johnson. Defendant Oakley's role began only when she received Plaintiff's grievance over the disciplinary action. The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Thus, any failure to investigate Plaintiff's grievances, or any other action or inaction with regard to the grievance procedure on the part of Defendants Oakley or Atchison will not support an independent constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli*, 81 F.3d at 1430. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Finally, as to Defendant Godinez, Plaintiff notes that he was the Director of the Illinois Department of Corrections when his claim arose, and that he "review[s] all Adjustment

Committee dispositions in which it is recommended that the offender lose statutory good time"[3] (Doc. 1, p. 3).  Aside from this description, the complaint contains no allegations that Defendant Godinez had any involvement in the defective disciplinary hearing or the imposition of punishment.  Instead, the only information Plaintiff includes regarding Defendant Godinez' role in the matter is the February 11, 2013, letter signed by Defendant Godinez – which expunged the disciplinary report and ordered Menard officials to implement this action (Doc. 1, p. 28).  Rather than violating Plaintiff's rights, Defendant Godinez granted him the relief he sought in his grievance.  Plaintiff thus fails to assert any claim of constitutional deprivation against Defendant Godinez, and, as discussed above, he cannot be held liable as a supervisor for the alleged violations committed by those under his authority.

For these reasons, Plaintiff has failed to state a claim upon which relief may be granted against Defendants Oakley, Atchison, or Godinez.  These Defendants shall be dismissed from the action with prejudice.

**Disposition**

COUNT 2 is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  Defendants **OAKLEY, ATCHISON,** and **GODINEZ** are **DISMISSED** from this action with prejudice.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendants **VEATH** and **JOHNSON**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of

---

[3] Although not the focus of this complaint, Plaintiff lost three months of good time as a result of the guilty finding.  This sentence credit would have been restored when the disciplinary action was expunged.

Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 10, 2013**

                                                s/J. Phil Gilbert
                                                **United States District Judge**